# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# CENTRAL DIVISION
# at LEXINGTON

Civil Action No. 10-337-HRW

JAMES FRANKLIN QUICKSELL,            PLAINTIFF,

v.       **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE
COMMISSIONER OF SOCIAL SECURITY,       DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his current application for disability insurance benefits on November 13, 2007, alleging disability beginning on July 1, 2006, due to a heart condition, swelling in his legs, shoulder pain and bone spurs (Tr. 140).

This application was denied initially and on reconsideration (Tr. 67. 81). On February 23, 2010, an administrative hearing was conducted by Administrative Law Judge Don C. Paris (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, Sally J. Moore, a vocational expert (hereinafter "VE"), also testified. At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On March 5, 2010, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 19-27).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability through the date last insured. December 31, 2008 (Tr. 21).

The ALJ then determined, at Step 2, that Plaintiff suffers from obesity and moderate cardiomyopathy with history of atrial fibrillation, which he found to be "severe" within the meaning of the Regulations (Tr. 21-22).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 22-23).

The ALJ further found that Plaintiff could not return to his past relevant work as a bus mechanic (Tr. 26) but determined that he has the residual functional capacity ("RFC") to perform a significant range of light exertional work with certain restrictions, as set forth in the hearing decision (Tr. 23-26).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies (Tr. 26-27).

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the

ALJ's decision as the final decision of the Commissioner on August 7, 2010 (Tr. 1-5).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 6 and 7] and this matter is ripe for decision.

### III. ANALYSIS

#### A. Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that

would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir.1997).

B.   **Plaintiff's Contentions on Appeal**

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ's finding that he did not meet or equal Listing 4.02 is not supported by substantial evidence and (2) the ALJ did not properly evaluate his credibility.

C.   **Analysis of Contentions on Appeal**

Plaintiff's first claim of error is that the ALJ's finding that he did not meet or equal Listing 4.02 is not supported by substantial evidence.

The Sixth Circuit Court of Appeals stated in *Her v. Commissioner of Social Security*, 203 F.3d 388, 391 (6th Cir. 1999), "the burden of proof lies with the claimant at steps one through four of the [sequential disability benefits analysis]," including proving presumptive disability by meeting or exceeding a Medical Listing at Step Three.

Thus, Plaintiff "bears the burden of proof at Step Three to demonstrate that he has or equals an impairment listed in 20 C.F.R. part 404, subpart P, appendix 1." *Arnold v. Commissioner of Social Security*, 238 F.3d 419, 2000 WL 1909386,

*2 (6th Cir. 2000 (Ky)), *citing Burgess v. Secretary of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992). If the Plaintiff "can show an impairment is listed in appendix 1 ("the listings"), or is equal to a listed impairment, the ALJ must find the claimant disabled." *Buress v. Secretary of Health and Human Services*, 835 F.2d 139, 140 (6th Cir. 1987).

"The listing of impairments 'provides descriptions of disabling conditions and the elements necessary to meet the definition of disabled for each impairment." *Arnold*, at **2, quoting *Maloney v. Commissioner*, 211 F.3d 1269, 2000 WL 420700 (6th Cir. 2000). In order for the Plaintiff "to qualify as disabled under a listed impairment, the claimant must meet all the requirements specified in the Listing." *Id.* This must be done by presenting specific medical findings that satisfy the particular Listing. *Sullivan v. Zebley*, 493 U.S. 521, 530-532, (1990). An impairment that manifests only some of the criteria in a particular Listing, "no matter how severely, does not qualify." *Sullivan*, at 530.

Listing 4.02 states in relevant part:

> *Chronic heart failure* while on a regimen of prescribed treatment, with symptoms and signs described in 4.00D2 The required level of severity for this impairment is met when the requirements in *both A and B* are satisfied.
>
> A. Medically documented presence of one of the following:

6

> 1. Systolic failure (see 4.00D1a(i)), with left ventricular end diastolic dimensions greater than 6.0 cm or ejection fraction of 30 percent or less during a period of stability (not during an episode of acute heart failure);
> . . .
>
> AND
>
> B. Resulting in one of the following:
> 1. Persistent symptoms of heart failure which very seriously limit the ability to independently initiate, sustain, or complete activities of daily living in an individual for whom [a medical consultant], preferably one experienced in the care of patients with cardiovascular disease, has concluded that the performance of an exercise test would present a significant risk to the individual;
> . . . .

20 C.F.R. pt. 404, subpt. P, app. 1, § 4.02.

Plaintiff failed to show that his impairments met or equaled subsection A of Listing 4.02. He argues that an echocardiogram indicated he had an ejection fraction of twenty-five to thirty percent. However, that test was performed during hospitalized for acute heart failure in August 2006 (Tr. 444). Thus, the results upon which Plaintiff relies were not obtained during a period of stability, as required by subsection A1 of Listing 4.02. Nor Plaintiff does not cite any evidence that his ejection fraction was thirty percent of less during a period of stability. Moreover, echocardiograms in January 2007 and March 2008

reveal that he had an ejection fraction of forty to forty-five percent (Tr. 648, 649, 714, 715). Based upon the record, Plaintiff's impairments did not meet or equal subsection A1 of Listing 4.02.

Plaintiff also failed to show that his impairments met or equaled subsection B of Listing 4.02. The records does not establish that Plaintiff had persistent symptoms of heart failure. Nor does the record establish that his symptoms limit his ability to independently initiate, sustain, or complete activities of daily living. To the contrary, the record indicates Plaintiff performed numerous activities without serious limitations (Tr. 24-25, 49-60, 147-55, 159-60). In addition, Plaintiff was advised upon discharge in August 2006 to resume normal activities (Tr. 714, 716). Based upon the record, Plaintiff's impairments did not meet or equal subsection B of Listing 4.02.

Notably, Plaintiff does not even argue that he had chronic heart failure while on a regimen of prescribed treatment or that he had the symptoms and signs necessary to satisfy the requirements of the introductory paragraph of Listing 4.02.

Based upon the record, the Court finds that the Plaintiff has not met her burden of presenting specific medical findings that satisfy Listing 4.02. To the contrary, the Court finds that the ALJ's conclusion that Plaintiff does not meet the

listing is based upon substantial evidence.

Plaintiff's second claim of error is that the ALJ did not properly evaluate his credibility. However, he does no more than make a cursory argument in this regard. This is not sufficient.

The United States Court of Appeals for the Sixth Circuit has

> decline[d] to formulate arguments on [a claimant's] behalf, or to undertake an open-ended review of the entirety of the administrative record to determine (i) whether it might contain evidence that arguably is inconsistent with the Commissioner's decision, and (ii) if so, whether the Commissioner sufficiently accounted for this evidence. Rather, we limit our consideration to the particular points that [a claimant] appears to raise in [his /her] brief on appeal.

*Hollon ex rel. Hollan v. Commissioner of Social Security*, 447 F.3d 477, 491 (6th Cir. 2006). In *Hollan*, the court also refused to consider claimant's generalized arguments regarding the physician's opinions of record:

> [Claimant] has failed to cite any specific opinion that the ALJ purportedly disregarded or discounted, much less suggest how such an opinion might be impermissibly inconsistent with the ALJ's findings. In the absence of any such focused challenge, we decline to broadly scrutinize any and all treating physician opinions in the record to ensure that they are properly accounted for in the ALJ's decision.

*Id. See also, McPherson v. Kelsey*, 125 F.3d 989, 995-996 (6th Cir. 1997) ( " '

9

[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones.'") (citations omitted); *United States v. Phibbs*, 999 F.2d 1053, 1080 n. 12 (6th Cir. 1993)(noting that "it is not our function to craft an appellant's arguments").

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 16th day of August, 2011.



Henry R. Wilhoit, Jr., Senior Judge